UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
MARCUS DAMON MANN, SR. )  CASE NO. 17-30828(1)(7)
)
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Review of Debtor's Transactions with Attorney filed by the U.S. Trustee, Charles R. Merrill ("UST"). The Court considered the UST's Motion, the Objection to the Motion filed by attorney Bert Edwards ("Edwards"), statements of the Debtor Marcus Damon Mann ("Debtor"), and the comments of the UST and Edwards at the hearing held on the matter. For the following reasons, the Court will **DENY** the UST's Motion insofar as it requests an order imposing sanctions and requiring the disgorgement of fees received by Edwards in assisting the Debtor in preparing his Petition.

## LEGAL ANALYSIS

On March 14, 2017, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. The Petition is signed only by the Debtor and indicates the Debtor is not represented by an attorney. *See*, p. 6 of Petition.

On April 19, 2017, the First Meeting of Creditors was held and Debtor testified that he obtained the official Petition and Schedules and forms for filing a Chapter 7 Petition online and prepared the forms on his own.

Debtor then contacted Edwards and asked for his advice regarding the Petition, Schedules and forms he had drafted. Edwards testified that he met with the Debtor in July 2016 and reviewed

the forms and Petition and suggested some changes to the forms.  He received $200 for his work. Edwards stated at the hearing that he did no further work for the Debtor and had no knowledge that Debtor had filed a Chapter 7 Petition until he received the UST's Motion.  Upon receiving the UST's Motion, Edwards filed the Disclosure of Compensation of Attorneys for Debtor pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) disclosing that he received $200 from Debtor, stating, "the Debtor stated he did not need my services further and I had no notice that the bankruptcy was ever filed."

The UST contends that Edwards violated 11 U.S.C. § 329 and Bankruptcy Rule 2016(b) by failing to disclose and file the Form 2030 requiring disclosure of his participation in the case or to "ensure that Mann had such disclosures."  The UST cites to several cases stating the disgorgement of any fee is required even when an attorney's failure to disclose his participation in a case is negligent or inadvertent.  Citing, *In re Jackson*, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009) and *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 848-49 (B.A.P. 10th Cir. 1997).

None of the cases referenced above apply to the case at bar.  In *Jackson*, the attorney representing the creditor filed false Rule 2016(b) Disclosure Statements in two cases filed by the debtor.  In *Smitty's Truck Stop*, the attorney representing the Chapter 11 debtor stated in his Rule 2016(b) Disclosure Statement, that he had received no funds as compensation from the debtor.  In fact, the attorney had received a $5,000 retainer, a fact disclosed in the debtor's Statement of Affairs, but the attorney did not amend the Rule 2016(b) statement to reflect the retainer.

The facts in the case at bar are clearly distinguishable from the cited authority as Edwards did not represent the Debtor at the time the case was commenced and had no knowledge that the Debtor had even filed the case.  Under the circumstances, the Court cannot sanction Edwards for

failing to file the Rule 2016 statement when he had no knowledge Debtor had proceeded *pro se*. Furthermore, upon immediately learning of the case by way of the Trustee's Motion, Edwards immediately filed a Rule 2016 statement and accurately stated the amount he received from the Debtor for reviewing his Petition.

The Court is mindful of the Bankruptcy Code's requirements on disclosure of fees received by an attorney representing debtors, as well as the policy reasons for the rules. In fact, this Court has required counsel who run afoul of these rules to disgorge any fees received in an effort to enforce the rules. This case, however, does not fit within the confines of those rules.

Considering the fact that Edwards had no further contact with the Debtor after his two meetings and the filing of the Petition nearly eight months later, and Edwards' filing of the Rule 2016 statement immediately upon learning of the filing of the case, the Court finds no basis to order the relief requested by the UST.

## CONCLUSION

For all of the above reasons, the Motion for Review of Debtor's Transactions with Attorney filed by the U.S. Trustee, Charles R. Merrill, must be **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 10, 2017

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
    MARCUS DAMON MANN, SR.       )        CASE NO.  17-30828(1)(7)
                                                )
                    Debtor(s)           )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Review of Debtor's Transactions with Attorney filed by the U.S. Trustee, Charles R. Merrill, be and hereby is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  August 10, 2017